IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MARK G. GREICHUS,                        )
                                         )
            Plaintiff,                   )     TC-MD 140349N
                                         )
      v.                                 )
                                         )
COOS COUNTY ASSESSOR,                    )
                                         )
            Defendant.                   )     **FINAL DECISION OF DISMISSAL**

This Final Decision of Dismissal incorporates without change the court's Decision of

Dismissal, entered February 20, 2015.  The court did not receive a statement of costs and

disbursements within 14 days after its Decision was entered.  *See* TCR-MD 16 C(1).

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed

September 26, 2014.  A case management conference was held on December 16, 2014,[1] during

which the parties discussed Defendant's Motion.  Defendant agreed to file exhibits and written

arguments to supplement its Motion by January 6, 2015.  Plaintiff agreed to file a written

response to Defendant's Motion by January 20, 2015, stating whether Plaintiff's appeal is

withdrawn or making arguments in response to the Motion.  The parties' agreement was

memorialized in a Journal Entry issued December 17, 2014.  As agreed, Defendant filed a

Supplement to its Motion on January 9, 2015.  Plaintiff failed to file a written response by

January 20, 2015.  The court issued an Order on January 26, 2015, instructing Plaintiff to file a

written response to Defendant's Motion within 14 days of the date of the Order.  As of the date

/ / /

---

[1] The court had previously scheduled case management conferences in this matter on October 13, 2014, and on November 17, 2014.  Defendant failed to appear at the October 13, 2014, case management conference and Plaintiff failed to appear at the November 17, 2014, case management conference.

of this Decision of Dismissal, the court has not received Plaintiff's written response or any further communication from Plaintiff. This matter is now ready for the court's determination.

Plaintiff filed his Complaint on August 28, 2014, appealing "the foreclosure on [his] property[,]" which is identified as Account 846000 (subject property). (Compl at 2.) Plaintiff asserted that Defendant erroneously sent notices to "an old post office box in Elmira, OR[,]" an address that "was no longer in use." (*Id.*) As a result, Plaintiff stated that he "first received notification of [his] default situation" in July 2014. (*Id.*) Plaintiff does "not believe that [he] received due process in these proceedings." (*Id.*)

Defendant moved to dismiss Plaintiff's Complaint, asserting that "proper notice was provided to Plaintiff in accordance with ORS 312.040." (Def's Mot at 1.) Defendant wrote that the subject property "was subject to foreclosure for delinquent taxes in 2012" and provided a "Statement of Tax Account, noting the earliest date of delinquency of taxes for the [subject property] is 2008." (*Id.* at 1, Def's Ex A.) Foreclosure proceedings were instituted against the subject property on August 22, 2012, "for all the delinquent taxes[.]" (Def's Mot at 1.) A "General Judgment Foreclosing Tax Liens was signed" on September 24, 2012. (*Id.* at 1, Def's Ex B.) That judgment stated that "notice of the institution of said foreclosure proceedings was given in the manner provided by law, by mailing of notice by regular and certified mail" and "by one (1) publication of said foreclosure list in The Coquille Valley Sentinel * * * on August 22, 2012[.]" (Def's Ex B at 3.)

Defendant provided a Warranty Deed for the subject property recorded in February 2007, stating that tax statements should be sent to Plaintiff at "P.O. Box 432, Elmira, OR 97437" (the Elmira address). (Def's Ex H at 1.) Defendant "sent the notice [of foreclosure] by both certified and regular first class mail to" the Elmira address. (Def's Mot at 2, Def's Exs D-E.) Both

notices were returned to Defendant with the label "return to sender." (Def's Mot at 2.) "Defendant subsequently mailed identical notices to any and all addresses found for Plaintiff through an online people search." (Def's Mot at 2, Def's Ex E; *see generally* Def's Ex G (envelopes sent to Plaintiff between 2009 and 2013).) Defendant also published notice of foreclosure in the newspaper, The Sentinel, on August 22, 2012. (*See* Def's Ex F.) Entries in the Foreclosure List are alphabetical and Plaintiff's name is listed along with the subject property and total amount of property taxes due. (*Id.* at 2.) On September 13, 2013, Defendant sent a letter to Plaintiff at the Elmira address, notifying Plaintiff "of the expiration of the first year of the redemption period for the [subject] property[.]" (Def's Ex G at 6.) It was returned as undeliverable. (*Id.* at 1.)

Plaintiff argued that Defendant did not provide him with adequate notice of the foreclosure proceedings instituted against the subject property in 2012, claiming that he did not receive notice until July 2014. Plaintiff asserted that the Elmira address used by Defendant was an incorrect address. Defendant moved to dismiss Plaintiff's Complaint because it complied with the applicable notice requirements and used the address provided by Plaintiff. Although Plaintiff received an opportunity to file a written response to Defendant's Motion, Plaintiff did not do so. As a result, the court cannot determine the basis for Plaintiff's appeal, other than Plaintiff's assertion that Defendant used an incorrect address for Plaintiff.

As the party seeking affirmative relief, Plaintiff bears the burden of proof by a preponderance of the evidence. ORS 305.427.[2] A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue.*, 4 OTR 302, 312 (1971).

_____

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

In its Motion, Defendant asserted that it provided the requisite notice of foreclosure to Plaintiff under ORS 312.040, which states that "[n]otice of each foreclosure proceeding shall be given by publication and by both certified and regular first class mail as provided in this section." Defendant published notice of foreclosure on the subject property in a newspaper of general circulation in the county, as required by ORS 312.040(1)(a). Defendant sent foreclosure notices to Plaintiff at the Elmira address by both certified and first class mail, as required by ORS 312.040(1)(b). To the extent that Plaintiff disagrees that Defendant provided the required notice under ORS 312.040, that challenge is not reviewable by this court.[3] ORS 305.410 sets forth the jurisdiction of this court. Under ORS 305.410(1), the tax court has jurisdiction over "all questions of law and fact arising under the tax laws of this state." "For the purposes of this section [ORS 305.410(1)], * * * the following are *not* tax laws of this state: * * * * * (n) ORS 311.420, 311.425, 311.455, 311.650, 311.655 and *ORS chapter 312 relating to foreclosure of real and personal property tax liens*." ORS 305.410(1) (emphasis added).

Plaintiff asserted that Defendant mailed property tax statements to an incorrect address. ORS 311.555 requires taxpayers to "keep the tax collector * * * informed of [their] true and correct address[.]" It further states that, "[n]o person * * * who fails to keep the tax collector so informed shall be permitted to plead lack of due notice given by the tax collector in any suit, action or other proceeding[.]" ORS 311.560 states that "[t]he tax collector shall note upon the tax roll * * * the true and correct address of each person * * * owning real or personal property in this state, as furnished under ORS 311.555 or as otherwise ascertained by the tax collector."

/ / /

---

[3] This issue is one of the court's subject matter jurisdiction. Although it was not raised by the parties, the court must consider whether it has subject matter jurisdiction over the issues presented. *See* TCR 21 G(4) ("If it appears by motion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action").

Defendant provided a copy of the subject property's deed showing that the address provided for property tax statements was the Elmira address. *See Byzantine Catholic Bishop of Van Nuys v. Multnomah County Assessor*, TC-MD 101321B, WL 4444186 at *8 (Sept 26, 2011) (holding that the county assessor provided adequate notice when it sent property tax statements to the address identified on the recorded deed). Plaintiff failed to submit any evidence that he had notified Defendant of a different address, as required by ORS 311.555. Pursuant to that statute, "[n]o person * * * who fails to keep the tax collector so informed [of his true and correct address] shall be permitted to plead lack of due notice given by the tax collector in any suit, action or other proceeding[.]" Plaintiff has failed to prove by a preponderance of the evidence that Defendant mailed notices to an incorrect address under ORS 311.555 and 311.560.

The court is not aware of any other challenges raised by Plaintiff in this appeal. The court concludes that Defendant's Motion to Dismiss should be granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. Plaintiff's Complaint is dismissed.

Dated this ____ day of March 2015.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This Final Decision of Dismissal was signed by Magistrate Allison R. Boomer on March 10, 2015. The Court filed and entered this Final Decision of Dismissal on March 10, 2015.*